UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **PARKERVISION, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. W-23-CV-00389-ADA** |
| | § | |
| **NXP SEMICONDUCTORS N.V., NXP** | § | |
| **B.V., NXP USA, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW**

Defendants NXP Semiconductors N.V., NXP B.V., and NXP USA, Inc. d/b/a NXP

Semiconductors USA, Inc. ("NXP") move to stay the case pending two *Inter Partes* Reviews

("IPRs") concerning two of the three patents asserted in this case. ECF No. 92 at 1. Plaintiff

ParkerVision, Inc. ("ParkerVision") opposes. ECF No. 98. After careful consideration of the

parties' briefing, the relevant facts, and the applicable law, the Court **GRANTS** Defendant NXP's

Motion to Stay Pending *Inter Partes* Review (ECF No. 92).

## I.     BACKGROUND

ParkerVision filed this action on May 19, 2023, accusing NXP of infringing United States

Patent Nos. 7,483,686 ("the '686 Patent"), 7,865,177 ("the '177 Patent"), and 9,118,528 ("the '528

Patent") (collectively, "the Asserted Patents"). ECF No. 1. ParkerVision had also filed separate

lawsuits against Realtek Semiconductor Corp. ("Realtek") and Texas Instruments Incorporated

("Texas Instruments") in this Court that week, also alleging infringement of the '177 Patent and

'528 Patent, among others. *See ParkerVision, Inc. v. Realtek Semiconductor Corp.*, 6:23-cv-

00374-ADA, ECF No. 1 (W.D. Tex. May 16, 2023); *ParkerVision, Inc. v. Texas Instruments*

*Incorporated*, 6:23-cv-00384-ADA, ECF No. 1 (W.D. Tex. May 18, 2023). In total, ParkerVision has seven cases pending in this Court involving overlapping patents, inventors, and witnesses. *See* ECF No. 64 (resolving request by third-party witnesses across the seven cases to take consolidated depositions); ECF No. 71 (resolving ParkerVision's request to consolidate depositions of its employees across the seven cases).

On May 18, 2024, Texas Instruments filed IPR Petitions on the '177 Patent and '528 Patents. ECF No. 92 at 2. On June 20, 2024, NXP filed copycat petitions and requested to join Texas Instruments' IPR proceedings. *Id.* The Patent Trial and Appeal Board ("PTAB") granted Texas Instruments' Petitions on November 26, 2024, and likewise granted NXP's Petitions and requests for joinder to the TI Proceedings on December 19, 2024. *Id.*

On June 14, 2024, the Special Master appointed in this case held a *Markman* hearing and later issued a report and recommendation regarding claim construction (ECF No. 45), which this Court adopted (ECF No. 65). On April 1, 2025, the Court entered an amended scheduling order, rescheduling the trial date from August 18, 2025, to February 9, 2026. ECF No. 87; *see also* Discovery Tr. (Mar. 7, 2025) at 24:25–25:2 ("NXP's preference is to keep the original trial date, which is August. ParkerVision's preference is not."). The PTAB is expected to issue final written decisions ("FWDs") by November 26, 2025. ECF No. 92 at 2.

## II.    LEGAL STANDARD

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "In particular, the question whether to stay proceedings pending *inter partes* review of a patent is a matter committed to the district court's discretion." *Multimedia Content Mgmt. LLC v. Dish*

*Network L.L.C.*, No. 6:18-CV-00207-ADA, 2019 WL 11706231, at *1 (W.D. Tex. May 30, 2019) (citation omitted). A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (citing, *inter alia, Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)); *see also Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, No. 5:13-CV-4206, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014). But "there is no *per se* rule that patent cases should be stayed pending PTO proceedings, because such a rule would invite parties to unilaterally derail litigation." *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961 RWS-JDL, 2017 U.S. Dist. LEXIS 27421, at *6 (E.D. Tex. Feb. 27, 2017) (quotation and citation omitted).

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech.*, 2015 WL 1069111, at *2; *see also CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *2 (E.D. Tex. Feb. 14, 2019) (Bryson, J.). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-81, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

## III.    ANALYSIS

NXP argues that "simplification of the case after resolution of the IPRs weighs heavily in favor of granting a stay, overwhelming the other two factors." ECF No. 92 at 3. ParkerVision

counters that whether a stay will simplify the issues is speculative and that the other two factors are in its favor. ECF No. 98 at 3–8.

### A.    Undue Prejudice to the Non-moving Party

The Court finds that this factor slightly weighs against a stay. First, a stay risks the loss of testimonial and documentary evidence potentially valuable to ParkerVision's case. *See Allvoice Developments US, LLC v. Microsoft Corp.*, No. 6:09-CV-366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010) (holding that a stay of ten months would "create a substantial delay that could cause prejudice by preventing Plaintiff from moving forward with its infringement claims and by risking the loss of evidence as witnesses become unavailable and memories fade"); *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 WL 11110606, at *1 (E.D. Tex. Apr. 2, 2015); *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 617 (E.D. Tex. 2007) (holding that delay also risks making witnesses harder to find).

Some factors may diminish this risk, like where the requested stay is of a brief and definite duration. NXP states that the requested stay is until the issuance of the FWDs by November 26, 2025, and that the Court can revisit the stay if and when any appeals are filed, as was done by this Court in *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc.*, No. 6:20-cv-318-ADA, 2021 WL 4555804 (W.D. Tex. Oct. 4, 2021). ECF No. 102 at 3. Thus, NXP contends that the risk of undue prejudice is minimal. *Id.* at 4. However, as ParkerVision contends, the Board may extend the pendency of an IPR proceeding up to six months for good cause. 35 U.S.C. § 316(a)(11); 37 C.F.R. § 42.100(c). If the requested stay extends for six months past the November deadline, the stay will likely continue into May of 2025. *See Multimedia Content*, 2019 WL 11706231, at *2 (noting the length of appeal and the statutory scheme's provision for delaying a FWD by six months if necessary).

The risk is also less pronounced where the proceeding-to-be-stayed and the parallel proceeding implicate discovery of a similar scope and evidence in the latter can later be used in the former. *Cf. Kirsch Research & Dev., LLC v. BlueLinx Corp.*, No. 6:20-cv-00316-ADA, 2021 WL 4555803, at *5 (W.D. Tex. Oct. 4, 2021) (suggesting that a manufacturer suit may preserve evidence relevant to a customer's suit). These factors are typically not implicated in motions to stay pending IPR because IPRs have limited scope—only invalidity based on published prior art— and even more limited discovery. *See* 35 U.S.C. § 311(b) (providing the limited scope of validity challenges in an IPR petition); 37 C.F.R. § 42.51 (providing the limited scope of discovery in IPR proceedings).

The second reason a stay may unduly prejudice ParkerVision is that it, like all patentees, has an interest in the timely enforcement of its patent rights. *See Tarco*, 2021 WL 4555804, at *2 (citing *MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14CA-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan 5, 2015)). The Federal Circuit has long held that "[r]ecognition must be given to the strong public policy favoring expeditious resolution of litigation." *Kahn v. GMC*, 889 F.2d 1078, 1080 (Fed. Cir. 1989); *see also United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 763 (W.D. Tex. 2008) ("[T]he compensation and remedy due a civil plaintiff should not be delayed." (quoting *Gordon v. FDIC*, 427 F.2d 578, 580 (D.C. Cir. 1970))). Congress has recognized as much, establishing the PTAB to provide a forum for the "quick" resolution of patent disputes. *See, e.g., Ethicon Endo-Surgery, Inc. v. Covidien LP*, 826 F.3d 1366, 1367 (Fed. Cir. 2016). The impact of this interest is diminished here because: (1) the PTAB is expected to issue the FWDs before this Court is scheduled to try this case; and (2) a stay "would merely delay Plaintiff's potential monetary recovery." *Tarco*, 2021 WL 4555804, at *2.

NXP posits that any potential for prejudice was ParkerVision's own doing, emphasizing that ParkerVision waited over two years after the last Asserted Patent expired to bring this lawsuit. ECF No. 92 at 5–6. The Court has credited similar factual circumstances. *See Smart Mobile Techs. LLC v. Samsung Elecs. Co., Ltd.*, No. 6:21-CV-00701-ADA, 2023 WL 11999028, at *3 (W.D. Tex. Oct. 24, 2023) (highlighting the defendant's position that a plaintiff who had waited multiple years after the expiration of patents to file suit "cannot sufficiently assert that loss of evidence over time as witness' memories fad is supportive of potential prejudice from a stay"). Based on the foregoing, the Court finds that this factor only slightly weighs against granting a stay.

## B.    Stage of the Proceedings

If "the court has expended significant resources, then courts have found that this factor weighs against a stay." *CANVS Corp. v. U.S.*, 118 Fed. Cl. 587, 595–96 (2014) (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp.2d 1028, 1031-32 (C.D. Cal. 2013) ("The Court's expenditure of resources is an important factor in evaluating the stage of the proceedings.")); *SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS-CJB, 2013 WL 144255, at *5–6 (D. Del. Jan. 11, 2013) ("[Once] the Court and the parties have already expended significant resources ... the principle of maximizing the use of judicial and litigant resources is best served by seeing the case through to its conclusion.").

The early stages of this case are long behind us. The *Markman* hearing occurred June 14, 2024, and all the disputed terms were finally construed. ECF Nos. 45, 65. And fact discovery closes in about a month. *See* ECF No. 87. That said, "NXP has been the only party to notice or take any Party depositions" and it appears that multiple fact depositions remain to be taken. ECF No. 92 at 2; ECF No. 102 at 4. The Court finds that this factor favors denying a stay.

### C.    Simplification of Issues

Finally, the Court considers whether a stay will simplify the issues in this Action. This is the "most important factor" in the stay analysis. *Tarco*, 2021 WL 4555804, at *3 (citing *NFC Tech.*, 2015 WL 1069111, at *4). Under this factor, the Court will typically weigh: (1) the scope of estoppel the movants are bound by and (2) the strength of the relevant IPR petitions in the context of the asserted claims. As a general matter, the PTAB's suggestion that an IPR petition contains strong grounds for invalidating all the asserted claims, combined with the movant's acceptance of a broad estoppel, suggests that a stay would simplify issues.

Here, if the PTAB were to invalidate the '177 Patent and '582 Patent, and if the Federal Circuit were to uphold that decision on any potential appeal, this case would be simplified.[1] ParkerVision's amended complaint only specifically identifies Claim 14 of the '177 Patent and Claim 1 of the '528 Patent as being infringed. ECF No. 22 at ¶¶ 70–99. The PTAB's institution decision in NXP's IPRs explicitly found there was a reasonable likelihood of invalidating Claim 14 of the '177 Patent and Claim 1 of the '528 Patent. *See* Institution Decision, *Texas Instruments Inc. v. ParkerVision, Inc.*, IPR2024-00935, Paper 9 (P.T.A.B. Nov. 26, 2024); Institution Decision, *Texas Instruments Inc. v. ParkerVision, Inc.*, IPR2024-00936, Paper 9 (P.T.A.B Nov. 26, 2024). Moreover, given that the FWDs are expected to issue before trial, NXP will be statutorily estopped under the full extent of 35 U.S.C. § 315(e). *See Cal. Inst. v. Broadcom Ltd.*, 25 F. 4th 976, 991 (Fed. Cir. 2022). While the trial was originally scheduled to occur before the FWDs were expected to issue, complications in resolving disputes across the seven cases brought by ParkerVision have

---

[1] A successful IPR would reduce the number of Asserted Patents in this case from three patents to one patent. *See CyWee*, 2019 WL 11023976, at *8 (collecting cases in support of the proposition that a stay may be appropriate "even when IPRs are instituted on fewer than all the asserted claims" because of "the policies favoring simplification and the reduction of litigation burdens").

resulted in this trial being pushed back by nearly six months. The Court, therefore, finds that this factor favors a stay. *See Tarco*, 2021 WL 4555804, at *3.

### IV.    CONCLUSION

The Court finds the facts of this case like those in *Kirsch Research and Development, LLC v. Tarco Specialty Products, Inc.* As in *Tarco*, "the simplification-of-issues factor overwhelms the other two factors." *Id.* While the case has progressed into fact discovery, the PTAB will issue a FWD in the NXP IPRs before this case makes it to trial. *See id.*; *Cf. Sonrai Memory Ltd. v. LG Elecs. Inc.*, No. 6:21-cv-00168, 2022 WL 2307475, at *3 (W.D. Tex. June 27, 2022) (denying a motion to stay where trial was slated to occur before the PTAB issued a FWD). Given that the PTAB has indicated there is a reasonable likelihood that the asserted claims of the '177 and '582 Patents will be invalidated, continuing litigation in this case would be wasteful. For these reasons, the Court will exercise its discretion to institute a stay pending resolution of the NXP-Texas Instruments IPRs.

It is therefore **ORDERED** that Defendants' Motion to Stay Pending *Inter Partes* Review (ECF No. 92) is **GRANTED**. The Parties are further **ORDERED** to give notice to this Court when the PTAB issues FWDs in the IPRs and if those FWDs are appealed to the Federal Circuit.[2]

**SIGNED** this 27th day of May, 2025.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

[2] Once the PTAB makes its decisions in this case, the balance of interests will change. It will not necessarily be warranted for the Court to continue the stay through any proceedings following the PTAB's decision. That is an issue that can be revisited after the PTAB renders its decision.